**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2026 MAY 27  PM 4: 14

DISTRICT OF MASS.

| | |
|---|---|
| NADY VIVIANE FRANCOIS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MARKWAYNE MULLIN in his official capacity as Secretary of DHS; JOSEPH BENJAMIN EDLOW in his official capacity as Director of USCIS,<br><br>*Defendants.* | Case Number: _____<br><br><br><br>**CIVIL COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MANDAMUS RELIEF** |

Plaintiff Nady Viviane François (hereinafter "Plaintiff"), proceeding *pro se*, alleges as follows:

## INTRODUCTION

1.      This action by Plaintiff—a Haitian national with legal immigration status—seeks emergency equitable, injunctive, declaratory, and mandamus relief. Plaintiff seeks to compel Defendants to promptly adjudicate, produce, and deliver Plaintiff's renewed Employment Authorization Document (hereinafter "EAD"). In the alternative, Plaintiff seeks to compel Defendants to provide interim documentary proof of employment authorization that is acceptable for Form I-9 purposes while she waits for Defendants' final adjudication of her application for renewal of her employment authorization card. These various reliefs are necessary to prevent Plaintiff's imminent loss of employment, income, and resulting loss of housing that would occur following

Page **1** of **9**

the expiration of her existing employment authorization on May 31, 2026, without receipt of a new EAD card, in addition to harm to other third parties (her parents and her disabled employer).

2.    Plaintiff applied to renew her employment authorization in a timely manner. Following her May 1st, 2026, interview with Defendants, Plaintiff was informed by representatives and/or agents of Defendants that her renewed EAD would be issued and delivered in roughly the first two (2) weeks of May 2026, well prior to the May 31, 2026, expiration of Plaintiff's existing employment authorization. It is now well past that time, and the renewed EAD has not arrived. As a result, Plaintiff is facing immediate and irreparable harm. Said harm to Plaintiff consists of job loss causing an inability to pay for rent and basic necessities of life which will lead to loss of housing and homelessness, creating significant personal and financial hardship for Plaintiff and third parties (her parents and her disabled employer). This harm will occur merely because of what is essentially an administrative and bureaucratic delay unrelated to the substance of Plaintiff's application for renewal of her employment authorization.

## PARTIES

3.    Plaintiff Nady Viviane François is a Haitian immigrant residing in Boston, Massachusetts. Plaintiff's address is 31 Tennis Road, Apt. 1, Boston, MA 02126.

4.    Defendant U.S. Department of Homeland Security (hereinafter "DHS") is a federal agency responsible for administering and enforcing the nation's immigration laws that is headquartered at 2707 Martin Luther King Jr. AVE SE, Washington, DC 20528.

5.    Defendant U.S. Citizenship and Immigration Services (hereinafter "USCIS") is a component of DHS responsible for adjudicating employment authorization applications.

6.    Defendant Markwayne Mullin is sued in his official capacity as Secretary of DHS.

7.    Defendant Joseph Benjamin Edlow is sued in his official capacity as Director of USCIS.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction under 28 U.S.C. § 1331 (because this is a federal question), 5 U.S.C. §§ 555(b), 702-706 (because this involves a federal administrative agency), and 28 U.S.C. § 1361 (because this lawsuit seeks a specific nondiscretionary act by the administrative agency, or *mandamus*). Additionally, the Court may issue declaratory relief under 28 U.S.C. §§ 2201–2202.

9.    Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred here.

## FACTS

10.    Plaintiff is a Haitian national with current legal immigration status who as a result is lawfully present and authorized to work in the United States.

11.    Specifically, Plaintiff immigrated to the United States from Haiti under the Haitian Humanitarian Parole Program (hereinafter "HHPP"). On November 14, 2024 Plaintiff applied for Temporary Protected Status (hereinafter "TPS"). Currently, Plaintiff

has a pending TPS application, reflected by a USCIS receipt for Form I-821, receipt number IOE9612099555, received November 14, 2024, with A-number A233958258.

12.    Specifically, Plaintiff also currently possesses an existing EAD that expires on May 31, 2026.

13.    Plaintiff filed an I-765 (Application for Employment Authorization) with USCIS in a timely manner, well before the current existing EAD's expiration.

14.    Plaintiff subsequently received a USCIS Application Service Center (hereinafter "ASC") biometrics appointment notice dated April 10, 2026. This notice identifies the case type as I-765, receipt number IOE9254641736, A-number A233958258, and lists the Vermont Service Center (hereinafter "VSC") as the service center for Plaintiff's application.

15.    Plaintiff attended and completed all required biometrics on May 1, 2026, at 1:00 PM at USCIS Boston located at 7F Everett Street, Revere, MA 02151. At that most recent USCIS appointment, Plaintiff was informed by representatives and/or agents of Defendants that her renewed EAD would be issued in the first two (2) weeks of May 2026, well prior to the May 31, 2026, expiration of Plaintiff's existing employment authorization. This was essentially the same process Plaintiff went through when getting her EAD card the first time.

16.    It is now May 26, 2026, and Plaintiff has not received the renewed EAD. USCIS' online case status and other inquiries have not resulted in issuance, production, or delivery of the renewed EAD that she was informed she would receive. Plaintiff has attempted to resolve this matter through USCIS customer service and case inquiries without success. Despite timely renewal efforts and completion of biometrics, Plaintiff's

renewed EAD has not been issued, and she faces imminent loss of authorization to work on May 31, 2026.

17.    If Plaintiff's current and existing EAD expires, Plaintiff will be unable to work, will lose income immediately, and will be unable to pay rent, utilities, and buy food. Plaintiff and her family and her disabled employer depend on her continued employment authorization.

18.    Defendants' delay has placed Plaintiff and several others (Plaintiff's family and her disabled employer) in imminent danger of irreparable harm. The harm to Plaintiff is obvious and immediate: if Plaintiff's current and existing EAD expires, Plaintiff will be unable to work. If Plaintiff is unable to work, she will be unable to pay rent, utilities, tuition and transportation to her English classes, and other basic necessities of life, creating significant personal and financial hardship for Plaintiff.

19.    In addition, Plaintiff's family in Haiti, consisting of her mother and father are entirely reliant on Plaintiff's remittances of the bulk of her income beyond her living expenses. Plaintiff's father is paralyzed/cannot speak due to a stroke, and Plaintiff's mother is unable to work because of the full-time demands of caring for Plaintiff's father. Plaintiff is their sole support. A gap in Plaintiff's employment authorization could be a death sentence for Plaintiff's father and will cause extreme hardship for Plaintiff's family.

20.    Furthermore, for over fourteen (14) months, Plaintiff has been employed as a personal care assistant (hereinafter "PCA") for a severely disabled young man who is an American citizen living in Boston, Massachusetts. Plaintiff is a vital and indispensable part of this disabled American citizen's healthcare team. A gap in Plaintiff's employment

authorization will disrupt this disabled American citizen's critical healthcare services, risking his ability to live independently in the community and exposing him to institutionalization in a hospital or nursing home.

## CLAIMS

### I. UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURES ACT (5 U.S.C. §§ 555(b), 702, 706(1))

21.    Plaintiff re-alleges paragraphs 1–20.

22.    The Administrative Procedures Act (hereinafter "APA") requires agencies to promptly conclude matters presented to them. Specifically, Defendants have a nondiscretionary duty to conclude matters presented to them within a reasonable time and to not unlawfully withhold action on properly filed applications (in this case for employment authorization).

23.    Plaintiff's timely filed EAD renewal remains unadjudicated and/or unproduced and undelivered despite completion of biometrics and specific representations by agents and/or representatives of Defendants regarding expected delivery. Based on this, Defendants have unlawfully withheld and unreasonably delayed agency action that they are required to take.

24.    Defendants' failure to timely adjudicate and produce Plaintiff's renewed EAD, constitutes agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1).

### II. ARBITRARY AND CAPRICIOUS AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT (5 U.S.C. § 706(2))

25.    Plaintiff repeats and realleges paragraphs 1–24.

26.     Defendants' failure to timely adjudicate, produce, and deliver Plaintiff's renewed EAD—after directing Plaintiff to complete all requirements and providing a delivery timeframe—is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## III.    DEFENDANTS' FAILURE TO PERFORM THEIR NONDISCRETIONARY DUTY PURSUANT TO THE COMMON LAW WRIT OF MANDAMUS (28 U.S.C. § 1361)

27.     Plaintiff re-alleges paragraphs 1–26.

28.     Defendants owe Plaintiff a nondiscretionary duty to process the properly filed EAD renewal and to take discrete actions necessary to adjudicate, produce, and deliver the EAD or otherwise document lawful employment authorization. Plaintiff has a clear right to the performance of these duties (and a clear right to a decision on her properly filed employment authorization renewal). Defendants have a clear, ministerial, and nondiscretionary duty to act on the application within a reasonable time, and no other adequate remedy other than a temporary restraining order and/or preliminary injunction exists to prevent imminent irreparable harm caused by the lapse in Plaintiff's employment authorization.

## IV.    DECLARATORY JUDGMENT (28 U.S.C. §§ 2201–2202)

29.     Plaintiff re-alleges paragraphs 1–28.

30.     An actual controversy exists regarding Defendants' obligations to timely adjudicate, produce, and deliver Plaintiff's renewed EAD and/or provide interim proof of work authorization acceptable for I-9 form purposes. Declaratory relief will clarify the parties' rights and obligations.

## V.   IMMINENT DANGER OF IRREPARABLE HARM

31.   Plaintiff re-alleges paragraphs 1–30.

32.   Plaintiff will suffer irreparable harm absent immediate relief because the imminent expiration of the current EAD will prevent Plaintiff from continuing lawful employment after May 31, 2026, causing immediate loss of income, inability to pay for rent, utilities, tuition, transportation, and food, and risk to Plaintiff's stability and well-being, in addition to the harm to third parties consisting of her family and her disabled employer. These harms cannot be adequately remedied by money damages against these federal defendants.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court:

a) Issue a temporary restraining order and/or preliminary injunction compelling Defendants to, within two (2) business days of the Court's Order: (i) complete all adjudicative steps necessary to approve Plaintiff's Form I-765 renewal and produce Plaintiff's renewed EAD; or (ii) alternatively, provide Plaintiff with interim written documentation recognized by Defendants that is acceptable for Form I-9 purposes as evidence of continued employment authorization pending final adjudication;

b) Order Defendants to provide a status report to the Court and Plaintiff within twenty-four (24) hours of the Court's Order describing the precise status of Plaintiff's I-765 renewal and expected production/delivery timeline;

c) Set an expedited briefing and hearing schedule as proposed in Plaintiff's contemporaneously filed motion;

d) Declare that Defendants' failure to timely adjudicate, produce, and deliver Plaintiff's renewed EAD within a reasonable time is unlawful and violates the APA;

e) Declare that Defendants' failure to timely adjudicate, produce, and deliver Plaintiff's renewed EAD is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law;

f) Pursuant to the Common Law, issue a writ of mandamus compelling Defendants to promptly adjudicate and, if approved, produce and deliver Plaintiff's renewed EAD, or provide interim authorization pending final adjudication;

g) Waive security under Fed. R. Civ. P. 65(c) or set nominal security of $1; and

h) Grant any further relief the Court deems just and proper.

Dated:   May 26, 2026                    Respectfully Submitted,

NADY VIVIANE FRANCOIS
*Pro Se,*

N. Viviane FRANÇOIS

Nady Viviane Francois
31 Tennis Road
Apartment 1
Boston, Massachusetts 02126
774-322-7221
11viviane09@gmail.com

**Exhibits:**

**Exhibit 1**: Receipt Notice for Temporary Protective Status (11/14/2024)

**Exhibit 2**: Approval Notice for Employment Authorization (11/16/2024)

**Exhibit 3**: Current Employment Authorization (11/15/2024)

**Exhibit 4**: USCIS ASC Appointment Notice (04/09/2026)

**Exhibit 5**: Tempus (MassHealth) Notice of Expiring I-9 (3/4/2026)